UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ADRIAN EUGENE LACY,

    Plaintiff,

v.                                      CAUSE NO. 3:19-CV-1197-DRL-MGG

JONES, *et al.*,

    Defendants.

OPINION & ORDER

Adrian Eugene Lacy, a prisoner without a lawyer, filed a complaint against eight[1] separate defendants. He sued an individual who attacked him before his arrest, and he also sued various defendants because he is unhappy with the circumstances of his arrest and the conduct of his defense attorney and the judge assigned to his case following his arrest. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

On August 28, 2019, Mr. Lacy knocked on the door of Gavilon Love to confront him about a stolen TV. Mr. Love became angry, and Mr. Lacy walked away. As Mr. Lacy was walking away, Mr. Love attacked Mr. Lacy with a bat. Following the attack, Mr. Lacy was hospitalized and unconscious for three days. After he regained consciousness, he contacted the LaPorte Police Department to make

---

[1] Mr. Lacy states that he is suing six defendants, but he has listed eight separate defendants in his complaint. ECF 1 at 1-2.

sure that Mr. Love was arrested. His call was returned by Reporting Officer Jones. Officer Jones indicated that he was filing a warrant for Mr. Lacy's arrest for residential entry because he had received reports that Mr. Lacy entered Mr. Love's home to fight. Mr. Lacy was told that he would be arrested when he was released from the hospital. Based on this information, Mr. Lacy left the hospital against medical advice. He was arrested shortly thereafter.

Mr. Lacy has sued Reporting Officer Jones because he caused a "baised and unsupported warrant" to issue for his arrest. "Police officers have probable cause to arrest an individual when the facts and circumstances within their knowledge and of which they have reasonably trustworthy information are sufficient to warrant a prudent person in believing that the suspect had committed an offense." *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (citation and quotations omitted). "Generally, a person arrested pursuant to a facially valid warrant cannot prevail in a § 1983 suit for false arrest; this is so even if the arrest warrant is later determined to have an inadequate factual foundation." *Juriss v. McGowan,* 957 F.2d 345, 350 (7th Cir. 1992) (citations omitted). According to the complaint, the officer had received reports that Mr. Lacy entered Mr. Love's home to fight; and, based on the information provided, a judicial officer granted a warrant for Mr. Lacy's arrest. Because this information was sufficient to establish probable cause to arrest Mr. Lacy, he cannot proceed against Officer Jones.

Mr. Lacy has resided at the jail since September 5, 2019. He has been held for over 100 days for violating his probation. He is unhappy with the judge handling his case, Judge Michael Bergerson, and Mr. Lacy has named him as a defendant in his complaint. Mr. Lacy, however, cannot proceed against Judge Bergerson because judges are each immune from suit. "A judge has absolute immunity for any judicial actions unless the judge acted in absence of all jurisdiction." *Polzin v. Gage*, 636 F.3d 834, 838 (7th Cir. 2011). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability

only when he has acted in the clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (citation and quotations omitted).

Attorney James Cupp was appointed to represent Mr. Lacy, and Mr. Lacy has sued Attorney Cupp because he is dissatisfied with his performance. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) (citations omitted). While the conduct of private actors can transform them into state actors for § 1983 purposes, the facts must permit an inference that defendant's actions are "fairly attributable to the state." *L.P. v. Marian Catholic High Sch.*, 852 F.3d 690, 696 (7th Cir. 2017) (quoting *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937 (1982)). In the case of a criminal defense attorney, even an appointed public defender, the actions of the attorney are not fairly attributable to the state and the attorney is not acting under color of state law. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Thus, Mr. Lacy cannot state a claim against Attorney Cupp.

Throughout his confinement, Mr. Lacy has suffered from a severe concussion. He has hearing loss, light sensitivity, headaches, dizziness, pain, and vomiting. He is unhappy with the medical care he has received. Mr. Lacy, however, has not sued any of the individuals responsible for his deficient medical care. He has instead sued the LaPorte County Medical Staff. The medical staff is not a suable entity. Naming the medical staff is akin to naming an anonymous defendant, and he cannot proceed against an anonymous defendant. *See Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) ("[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15 … nor can it otherwise help the plaintiff.").

Similarly, Mr. Lacy has named the Adult Probation Department as a defendant. He has not named any individual employed by the probation department, and the department is not liable for the actions of its employees. There is no general *respondeat superior* liability under 42 U.S.C. § 1983. *George*

*v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007); *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). To name an appropriate defendant, Mr. Lacy would have to name the individuals who were personally responsible for violating his rights. However, based on the current allegations of the complaint, that would not get him far because he has not adequately pleaded that anyone employed by the probation department, named or unnamed, took actions that constitute a violation of his rights.

Mr. Lacy has also named the LaPorte County Jail as defendant, but it is not a suable entity. *See Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) (noting that "in listing the Knox County Jail as the sole defendant, Smith named a non-suable entity.")

Additionally, Mr. Lacy names the "LaPorte, IN Police Department" as a defendant. Here, it is unclear who he is trying to sue. He cannot sue the LaPorte Police Department because it is not a suable entity. *See Sow v. Fortville Police Department*, 636 F.3d 293, 300 (7th Cir. 2011) ("the Indiana statutory scheme does not grant municipal police departments the capacity to sue or be sued."). He may be referring to the LaPorte County Sheriff's Department, which is a suable entity, but it is not clear why he is trying to hold the department liable, as opposed to some individual who caused his injury. Thus, he cannot proceed against either the LaPorte Police Department or the LaPorte County Sheriff's Department.

Mr. Lacy has also sued Gavilon Love for attacking him. Any claim that Mr. Lacy may have against Mr. Love is grounded in state law, not federal law. Because Mr. Lacy's complaint does not state any claims grounded in federal law, the court will not exercise supplemental jurisdiction over any potential state law claims against Mr. Love. *See Doe-2 v. McLean County Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c).").

Lastly, to the extent that Mr. Lacy is trying to obtain an order declaring that his rights are being violated in his ongoing state criminal case such that he is being wrongfully incarcerated, this type of relief cannot be obtained in a civil rights action; instead such relief can only be pursued in the pending criminal case or in a habeas proceeding under 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475, 488 (1973) (habeas corpus is the exclusive civil remedy for a state prisoner seeking to challenge the fact or duration of his custody, and such relief cannot be pursued under 42 U.S.C. § 1983).

Though the complaint does not state a plausible claim against any named defendant, the court will nonetheless grant Mr. Lacy an opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). However, Mr. Lacy should only file an amended complaint if he can address the deficiencies set forth in this order. If he chooses to file an amended complaint, Mr. Lacy will need to explain in his own words what happened, when it happened, where it happened, who was involved, and how he was personally injured, providing as much detail as possible.

For these reasons, the Court:

(1) DIRECTS the clerk to put this case number on a blank Prisoner Complaint (INND Rev. 8/16) form and sent it to Adrian Eugene Lacy;

(2) GRANTS Adrian Eugene Lacy until **February 21, 2020** to file an amended complaint on the form with this case number sent to him by the clerk; and

(3) CAUTIONS Adrian Eugene Lacy that, if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

January 27, 2020                                         *s/ Damon R. Leichty*
                                                                  Judge, United States District Court